### SIDNEY JEFFERSON v. THE STATE.

No. 5377.        Decided June 4, 1919.

**1.—Burglary—Insufficiency of the Evidence.**

Where, upon trial of burglary, the conviction depended upon the possession by the defendant of a certain pocket-knife alleged to have been taken from the burglarized house, but it was not shown whether the knife was found in defendant's possession before or after the burglary, and the evidence was otherwise insufficient to sustain the conviction, the judgment must be reversed, and the cause remanded.

**2.—Same—Facts Stated in Original Opinion—Rehearing.**

Where, upon inspection of the record on motion for rehearing, certain facts were not correctly stated in the original opinion, the same is

now here corrected; however, this has no important bearing in the case, and the motion for rehearing by the State is overruled.

Appeal from the District Court of Austin. Tried below before the Hon. M. C. Jeffrey.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Johnson Matthaei & Thompson,* for appellant.—On question of insufficiency of the evidence: Williams v. State, 70 Texas Crim. Rep., 275, 156 S. W. Rep., 938; Jobe v. State, 72 Texas Crim. Rep., 163, 161 S. W. Rep., 966; Remlinger v. State, 66 Texas Crim. Rep., 582, 148 S. W. Rep.; 316; Bowen v. State, 60 Texas Crim. Rep., 595, 133 S. W. Rep., 256; Johnson v. State, 57 id., 424.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at five years confinement in the penitentiary.

Briefly stating the facts, it is shown that some one entered the residence of the alleged owner, who testified he did not see anybody, but his wife testified that she was aroused at night by what she thought was something touching her, and saw a shadow of what she took to be a man, and as he reached the door of the room he looked at her. She aroused her husband. When he awoke they both heard a door "slam." The wife testified she did not recognize the defendant or who it was; whether 'he was white or black. The owner of the house testified that his pants were hanging on the head of the bed containing his watch, a pocket knife, and some other things: that the pocketknife was gone, but the other things were in his pants. Appellant was arrested by the constable charged with an assault, to which he seems to have pleaded guilty and paid the fine.

When the defendant was arrested for the assault the officer says he took two knives from his pocket, one of which was afterwards recognized by the alleged owner of the burglarized house as his property. There was a serious contest as to whether the knife belonged to the alleged owner, or to the brother-in-law of defendant. Defendant proved by himself and other witnesses that the knife belonged to his young brother-in-law from whom he had gotten it some days before. The alleged owner testified that he recognized the knife, among other things, by reason of the fact there was a gap in the larger blade there being four blades to the knife. The defendant says the gap was in the blade, but that he caused it opening a can of peaches some days before the alleged burglary. Jackson testified he saw defendant open the can of goods,

which defendant said were peaches; that they were working together on the railroad and each furnished his own lunch. It was at the noon hour when eating lunch he saw defendant open the can of goods.

A most patent fact was the date of appellant's arrest for the fighting. He and his witnesses testify that this arrest occurred on the 17th of June. The burglary was committed on the night of the 20th, or the morning of the 21st of June. The constable testifies when he arrested appellant for the fighting he took the knife claimed by the alleged owner of the house and another knife out of appellant's pocket. Later he saw the alleged owner of the burglarized house, and in speaking of the defendant having two knives and describing them the alleged owner stated that one of the knives was his, and it was identified by him on the trial and at the time the knife was shown him by the constable. Appellant's testimony all showed, as before stated, that he was arrested on the 17th of June, and was that day fined, and that night or evening paid the fine. If this occurred, then the knife the constable took from him did not come out of the burglarized house, and there was a mistake in the identity. The officer testified he did not know whether it was before or after the burglary that he arrested defendant for the fighting. That is the State's case on the arrest. If the defendant was arrested on the 17th for fighting, or was arrested any time before the burglary and the knife taken from him, then such knife did not come out of the burglarized house. The whole case revolves around the ownership of the knife, and the facts which tend to identify it and the transaction. The date of the fine of appellant for the fighting ought to and could have been readily shown by the docket of the court assessing the punishment. If it was before the burglary, then the knife in question was not a criminative fact. Under the decison it seems that a breaking being shown, recent possession of property that came out of the house would be a circumstance of more or less cogency to identify the possessor of the stolen property with the burglary. Unexplained it would have more cogency than where the possession is explained in an exculpatory manner. Here it was explained and not controverted. We are unwilling to sanction the conviction with the record in this condition.

The judgment will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 14, 1919.

DAVIDSON, Presiding Judge.—The State has filed a motion for rehearing asking that the judgment of reversal be set aside and an affirmance granted. The contention is that the opinion is erroneous in

stating the facts with reference to one of the knives which was found upon the person of appellant when arrested.

An inspection of the record tends to sustain this contention. In stating the history of the two knives mentioned by the witnesses which were obtained from appellant, it was stated the small knife which was claimed by the owner of the alleged burglarized house was obtained by appellant from his brother-in-law. We find this was a mistake; that the larger knife was that which appellant obtained from his brother-in-law. In some way this mistake was made, and it will be now corrected by stating that the larger knife was obtained by appellant from his brother-in-law and not the smaller as stated in the original opinion. However, we do not think this is of any serious moment, nor would it have such bearing upon the case as could or should have affected the result, as stated in the opinion. There was no question appellant got one of the knives from his brother-in-law. The only fact upon which the State could and did rely for a conviction was that the four bladed knife mentioned was found in appellant's possession. With that fact omitted the State has no possible chance of connecting appellant with the burglary, or to obtain a conviction. It should be a conceded fact that the party who entered the alleged burglarized house was not recognized while in the house. The husband did not even see him, and the wife was unable to recognize or tell who he was, whether he was a negro or white man. The State proved by the alleged owner that he missed the knife from his pants pocket, which was hanging on the head of the bed, similar to that found in possession of appellant, and this knife he sought to identify as that taken from his pants. Omitting this fact, there is nothing to show that defendant was the party who entered the house, or was in any way connected with the burglary. Appellant proved by himself and others that he had this knife long prior to the supposed burglary; that he was arrested, convicted and fined, and his fine was paid by his wife in a misdemeanor case on the 17th of June, is hardly a debatable or even an issuable fact from the record. If we look to the evidence produced on the motion for new trial this conclusion is intensified. Such evidence also shows only two cases were filed against the defendant in the justice court, the misdemeanor case above mentioned, and that for the burglary on the 28th of the month. The evidence produced upon the motion for new trial, however, can not be considered in disposing of the case because the said agreed statement of facts was not filed until after the adjournment of the term of court. Omitting the knife from the record, we would have no connecting fact to show appellant was the guilty party. The case would remain upon the bare statement that the house was entered and the knife taken. This would be giving full credence to the testimony of the State's witnesses. This is a case purely of circumstantial evidence, and the possession of this knife recently after being taken, if so taken, is the only fact that can

be considered as connecting the defendant with the burglary. Possession of property recently after being taken is a fact of more or less cogency when taken in connection with the other facts of the case. If unexplained it may be sufficient to justify the jury in awarding a conviction. If accounted for in a way consistent with his innocence, or inconsistent with his guilt, a conviction could not be sustained. The constable states in his direct examination that he arrested appellant for a misdemeanor after the alleged burglary. On cross-examination, however, he states as follows: "As to whether it isn't a fact that this negro, Sidney Jefferson, was arrested for a misdemeanor—for an assault on another negro, on the 17th of June, on Monday, it may have been June, I am not sure, June or July. I arrested this defendant for the misdemeanor offense and took two knives off of him, and that probably might have been on the 17th of June, but I don't remember exactly. I do not remember that Mr. Michaelis' house was burglarized on the morning of the 20th of June, at about 5 o'clock—the next day right after the negro celebration on the 19th, I just don't remember the dates of it." He was called in rebuttal, and stated: "At the time I arrested this defendant, Sidney Jefferson, for fighting and when I searched him and got a couple of knives off of him, I asked him where he got so many knives," etc. It is rendered certain by this witness that defendant had the knives when arrested for the misdemeanor, if this witness' testimony is to be credited. This occurred on June 17th, and the fine was paid that night by his wife. In the attitude of the record his possession of the knife is not sufficient to justify this conviction. If the facts on the motion for new trial could be considered, we would find this witness admitted collecting the fine between eight and nine o'clock on the night of June 17th from appellant's wife. In this connection, however, his testimony on the motion for new trial states that he arrested him again for fighting afterwards, and it was with the same negro for which he had previously arrested him. This seems to be rather an amendment to his former testimony. The new trial evidence would further show that there were but two cases filed in the justice court and found on the docket numbered respectively 309 and 321, the latter being the burglary case. Inasmuch as the whole case of guilt depended upon the possession of the knife, and in the attitude of the testimony, we are of opinion that this judgment should not be affirmed. The facts as to the arrest and conviction for the misdemeanor, and the dates, can and should be made certain, because the whole case depended upon the knife in question. His possession of that knife does not exclude the doubt of his innocence, nor does it meet the requirements of circumstantial evidence. These matters ought to be rendered certain and accurate, upon another trial. If appellant had the knife when arrested for the misdemeanor, then it was not the knife and could not have been the knife taken from the burglarized house, because the arrest and conviction occurred

about four days before the supposed burglary. The justice of the peace and the docket and its entries would throw light upon this and ought to settle the question one way or another. The explanation given by appellant and his witnesses as to his possession of the knife seems to be practically uncontroverted, except from the testimony of the constable above mentioned.

The motion for rehearing is overruled.

*Overruled.*